**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| **FLAUBERT MBONGO,** *et al.*, | * |
| Plaintiffs, | * |
| v. | * Civil Case No.: PWG-14-1620 |
| **JP MORGAN CHASE BANK, N.A.,** | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiffs, two Maryland homeowners who fell on tough economic times beginning in 2007, requested modification of their mortgages under the federal Home Affordable Modification Program ("HAMP"). Defendant, the bank servicing the mortgage, allegedly engaged in a scheme to entice Plaintiffs to apply for modifications, all the while invoking acceleration clauses in their mortgages, *inter alia*, to foreclose on their home. Defendant moves to dismiss the action as barred by *res judicata* and, in the alternative, as failing to state a claim. Finding that the doctrine of claim preclusion acts to bar Plaintiffs' claims, I will grant Defendant's motion and dismiss the case with prejudice.[1]

---

[1] Because I find that *res judicata* bars the instant claims, I do not need to decide whether Plaintiffs pleaded their claims sufficiently for purposes of Fed. R. Civ. P. 12(b)(6).

**I.     BACKGROUND**[2]

The factual background of this case[3] was explained in a previous opinion of this Court and need not be repeated in detail. *See Mbongo v. JP Morgan Chase Bank, N.A.*, No. PJM-12-872, 2013 WL 4052823, at *1 (D. Md. Aug. 9, 2013), *aff'd*, 552 F. App'x 258 (4th Cir. 2014). Briefly, Plaintiffs Flaubert Mbongo and Charlotte Dikongue reside in Silver Spring, Maryland with a home mortgage serviced by JP Morgan Chase Bank, N.A. ("Chase"). Compl. ¶ 7, ECF No. 1. Previously, Plaintiffs filed a three-count complaint against Chase, as well as another defendant, based on the alleged mishandling of Plaintiffs' loan modification requests in a case that was assigned to the Honorable Peter J. Messitte, a Senior District Judge of this Court. That complaint sought damages for breach of contract, breach of the implied covenant of good faith and fair dealing, and promissory estoppel. *Mbongo*, 2013 WL 4052823, at *2–4. In granting defendants' motion for summary judgment, Judge Messitte sympathized with the hardship alleged by Plaintiffs, but held, "Plaintiffs have had their day in court on the record presently before it and the Court is not inclined to extend this case any further. Any cause of action predicated on the facts in this matter will be dismissed with prejudice." *Id.* at *5. Plaintiffs noted a timely appeal and the Fourth Circuit affirmed. *Mbongo*, 552 F. App'x 258.

Less than two months after the Fourth Circuit's decision, Plaintiffs filed the instant five-count complaint, predicated on the same factual matter as the previous complaint but setting forth different causes of action and alleging facts not included previously. *See* Compl. The

---

[2] For purposes of considering a motion to dismiss, this Court accepts the well-pleaded facts that Plaintiffs have alleged in their complaint as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011).

[3] Which included actions by the Defendant characterized by Judge Messitte of this Court as "illustrat[ing] the perils of *pro se* plaintiffs attempting to navigate murky legal waters. Plaintiffs may well have lived through the mishandling of their request for relief under HAMP at the hands of [Chase and Wells Fargo]." *See Mbongo v. JP Morgan Chase Bank, N.A.*, No. PJM-12-872, 2013 WL 4052823, at *4 (D. Md. Aug. 9, 2013), *aff'd*, 552 F. App'x 258 (4th Cir. 2014).

complaint seeks damages for violations of the Maryland Unfair or Deceptive Trade Practices Act, Md. Code Ann., Com. Law II § 13-301; fraudulent misrepresentation; fraud; the Dodd-Frank Act, 12 U.S.C. §§ 5536, 5564–5565; and the Fair Credit Reporting Act, 15 U.S.C. § 1681. *Id.* Chase has moved to dismiss, ECF No. 7; and filed a supporting memorandum, ECF No. 7-1; Plaintiffs filed an opposition, ECF No. 13; and Chase has replied, ECF No. 14. A hearing is unnecessary because the issues are presented adequately in the filings. *See* Loc. R. 105.6 (D. Md. 2014).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This Rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Rule 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing the standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. When ruling on such a motion, the Court must

"accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

That said, "'factual allegations must be enough to raise a right to relief above a speculative level.'" *Proctor v. Metro. Money Store Corp.*, 645 F. Supp. 2d 464, 472–73 (D. Md. 2009) (quoting *Twombly*, 550 U.S. at 545). Particularly, the Court is not required to accept as true "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation omitted). Additionally, a plaintiff fails to state a claim where the allegations on the face of the complaint show that an affirmative defense would bar any recovery. *Jones v. Bock*, 549 U.S. 199, 214–15 (2007) (citing Fed. R. Civ. P. 8(c)); *see Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (noting that dismissal is proper "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense.").

"Matters outside of the pleadings are generally not considered in ruling on a Rule 12 motion." *Williams v. Branker*, 462 F. App'x 348, 352 (4th Cir. 2012). However, "when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiff[] do[es] not challenge its authenticity.'" *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) (emendations in original)). In the Fourth Circuit, documents referenced and relied upon by the plaintiff can be considered without converting a motion to dismiss into a

motion for summary judgment. *See Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *HQM, Ltd. v. Hatfield*, 71 F. Supp. 2d 500, 502 (D. Md. 1999).

Plaintiffs are proceeding *pro se* and their complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not absolve Plaintiffs from pleading plausible claims. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)). As stated by the Fourth Circuit,

> It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal. *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir.), *cert. denied*, 382 U.S. 966 (1965); *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981). District courts are not required to be mind readers, or to conjure questions not squarely presented to them. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

*Harris v. Angliker*, 955 F.2d 41, 1992 WL 21375, at *1 (4th Cir. 1992) (per curiam).

### III. DISCUSSION

The primary argument put forward by Chase is that Plaintiffs' claims are barred by the doctrine of *res judicata*. Def.'s Mem. 6–8. The parties agree that Maryland law controls the question of *res judicata* in diversity actions.[4] *Id.* at 6; Pl.'s Opp'n 3. However, "federal, not state, law determines the preclusive effect of a prior federal judgment," including actions where "a federal court sits in diversity or has some other basis of jurisdiction." *Shoup v. Bell & Howell*

---

[4] The complaint's jurisdictional statement does not specify the basis for this Court's jurisdiction, whether federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under § 1332. It appears that Plaintiffs intended to invoke this Court's diversity jurisdiction because the complaint's jurisdictional statement cites Maryland law, Compl. ¶¶ 10–11, the parties agree that Maryland law applies, Def.'s Mem. 6; Pl.'s Opp'n 3, and complete diversity exists, Compl. ¶¶ 7–9. But, as noted above, Plaintiffs bring claims under several federal statutes that would trigger this Court's federal question jurisdiction. At this point, the distinction is without a difference because federal law controls the question of *res judicata* in either event, as explained below.

*Co.*, 872 F.2d 1178, 1179 (4th Cir. 1989) (internal citations omitted). "Res judicata, also known as claim preclusion, bars a party from relitigating a claim that was decided or could have been decided in an original suit." *Laurel Sand & Gravel Co. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008) (citing *Pueschel v. United States*, 369 F.3d 345, 355 (4th Cir. 2004)). "Generally, claim preclusion occurs when three conditions are satisfied: 1) the prior judgment was final and on the merits . . .; 2) the parties are identical, or in privity, in the two actions; and, 3) the claims in the second are based upon the same cause of action involved in the earlier proceeding." *First Union Com. Corp. v. Nelson, Mullins, Riley & Scarborough (In re Varat Enters.)*, 81 F.3d 1310, 1315 (4th Cir. 1996) (citing *Kenny v. Quigg*, 820 F.2d 665, 669 (4th Cir. 1987)). For the third prong,

> [t]he test for deciding "whether the causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation 'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment.'" *Pittson Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999). "Newly articulated claims based on the same [transactional] nucleus of facts may still be subject to a res judicata finding if the claims *could have been brought* in the earlier action." *Tahoe Sierra Pres. Council v. Tahoe Reg'l Planning Agency*, 322 F.3d 1065, 1078 (9th Cir. 2003).

*Laurel Sand*, 519 F.3d at 162 (emendation in original) (emphasis added).

The subject matter of Plaintiffs' instant complaint indisputably is covered by their previous complaint: both allege improper conduct by Chase in refusing to modify Plaintiffs' mortgage under HAMP. *See* Compl. The only substantive difference between Plaintiffs' previous lawsuit and the present suit is the addition of four declarations as exhibits to the complaint. Walker Decl., Compl. Ex. 7, ECF No. 1-7; Stillwell Decl., Compl. Ex. 8, ECF No. 1-8; Penaloza Decl., Compl. Ex. 9, ECF No. 1-9; Moynihan Decl., Compl. Ex. 10, ECF No. 1-10. These declarations were filed in "another case in California" and obtained by Plaintiffs to support their claims that Chase systematically was engaging in "illegal and deceptive practices." *See* Compl. ¶ 39. Each declarant appears to agree that "Chase management . . . trained and

instructed employees to delay and encumber the loan modification process" and that "[t]he company's 'ferris wheel' system was used to delay, obstruct, and reject loan modification applicants." Walker Decl. ¶ 6; *accord* Stillwell Decl. ¶¶ 5–6 (same); Penaloza Decl. ¶¶ 5–6 (same); Moynihan Decl. ¶¶ 5–6 (same). However, Chase correctly points out that the declarations have no relation to Plaintiffs' case other than purportedly evidencing that a single Chase processing center in California may have engaged in unethical mortgage modification schemes with respect to certain California plaintiffs. Def.'s Mem. 3–4. And, in any event, Chase is correct that the declarations do nothing to prevent the application of *res judicata* to Plaintiffs' claims. *Id.* at 8. Plaintiffs advance two arguments to save their claims from *res judicata*: (1) that the previous complaint was dismissed without prejudice, which allows them to file a new suit, and (2) that only state judgments receive preclusive effect for the purposes of *res judicata*.

Plaintiffs' first claim simply is false. In its previous opinion, this Court ruled that "[a]ny cause of action predicated on the facts in this matter will be dismissed *with prejudice*." *Mbongo*, 2013 WL 4052823, at *5 (emphasis added).

Second, Plaintiffs are incorrect that only state court judgments can have preclusive effect. As the Fourth Circuit has ruled,

> While state law certainly controls the rights and duties of the parties in a federal action founded upon diversity of citizenship, *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), this circuit has recognized that "whether a federal court sits in diversity or has some other basis of jurisdiction, questions of the effect and scope of its judgment involve the power of the federal tribunal itself, and are not varied merely because state rules of decision underlie the judgment." *Harnett v. Billman*, 800 F.2d 1308, 1312 (4th Cir. 1986); *see also Firemen's Fund Ins. Co. v. Int'l Market Place*, 773 F.2d 1068, 1069 (9th Cir. 1985); *Precision Air Parts, Inc. v. Avco Corp.*, 736 F.2d 1499, 1503 (11th Cir. 1984); *Hunt v. Liberty Lobby, Inc.*, 707 F.2d 1493, 1497 (D.C. Cir. 1983). The judgment of a federal court is no less a federal judgment because it was rendered in diversity. "Federal law determines the effects under the rules of res judicata of a judgment of a federal court,"

> Restatement (Second) of Judgments § 87 (1982), just as in a state court the law of the state in which the judgment was rendered determines the preclusive effect a federal court must give the judgment. *Migra v. Warren City Sch. Dist. Bd. of Ed.*, 465 U.S. 75, 81 (1984). Any other result would consign the effect of federal judgments to the uncertainties of state law in whatever jurisdiction a subsequent suit happened to be brought.

*Shoup*, 872 F.2d at 1179–80. Therefore, nothing in Judge Messitte's prior ruling would prevent it from having preclusive effect.

As to the merits of the *res judicata* question, I find that Plaintiffs' claims are barred. "[T]wo of the elements for the application of *res judicata* are not in dispute." Pl.'s Opp'n 3. There is no question that the parties in this action are the same as the parties in the previous action or that summary judgment in defendants' favor constituted a judgment on the merits. For the third prong, although Plaintiffs allege different causes of action in this complaint, that does not defeat claim preclusion if the new causes of action could have been brought in the earlier case. *See Laurel Sand*, 519 F.3d at 162 (quoting *Tahoe Sierra*, 322 F.3d at 1078). In the Fourth Circuit,

> we follow the "transactional" approach when considering whether causes of action are identical: "As long as the second suit 'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment,' the first suit will have preclusive effect." *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (citation omitted). Under this transactional approach, res judicata will bar a "newly articulated claim[]" if it is based on the same underlying transaction and could have been brought in the earlier action. *See Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008).

*Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013). The underlying transaction in this case is Chase's handling of Plaintiffs' application for a "mortgage modification plan under the federal Home Affordable Modification Program (HAMP)." *Mbongo*, 552 F. App'x 258. All claims regarding Plaintiffs' 2010–11 attempts to modify their home mortgage with Chase and Wells Fargo Bank, N.A.—the defendants in their previous lawsuit—were dismissed with

prejudice by this Court. *Mbongo*, 2013 WL 4052823, at *5. And, Plaintiffs have not presented any reason why the claims they assert in this suit were not available at that time. *See Clodfelter*, 720 F.3d at 210. Therefore, the instant claims, which seek damages for the same allegedly illegal conduct regarding Plaintiffs' requests for mortgage modifications, *see* Compl. 17–18, are precluded and this case must be dismissed.[5]

## IV. CONCLUSION

For the reasons explained above, Chase's Motion to Dismiss, ECF No. 7, will be GRANTED by separate order.

Dated: August 4, 2014

/S/
Paul W. Grimm
United States District Judge

jwr

---

[5] Additionally, each of the four new declarations pre-dates Plaintiffs' previous complaint, which was filed in the Circuit Court for Montgomery County, Maryland, on February 3, 2012. *See* Compl., ECF No. 2 (Civ. Case No. PJM-12-872); Penaloza Decl. ¶ 9 (dated October 11, 2010); Walker Decl. ¶ 9 (dated November 29, 2010); Moynihan Decl. ¶ 10 (dated December 11, 2010); Stillwell Decl. ¶ 9 (dated April 26, 2011). The remaining factual allegations in the instant complaint are substantially identical to the previous action.